UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA                    CR 1:11-340

VS                                          Hon. ROBERT HOLMES BELL

JOHN MARCINKEWCIZ, II., &
SHELLEY R. WALDRON.

_____//

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS INDICTMENT AND OR ALTERNATIVELY, MOTION TO ALLOW ASSERTION AT TRIAL OF THE MICHIGAN MEDICAL MARIHUANA ACT AS AN AFFIRMATIVE DEFENSE

### *Background*

Prior to their original arrests and state court prosecution in this matter, Defendants John Marcinkewciz II, (Marcinkewciz) and Shelley R. Waldron (Waldron) were lawfully registered as caregivers and patients under the Michigan Medical Marihuana Act. (MMMA) Under the provisions of the MMMA Marcinkewciz and Waldron were permitted to lawfully plant, cultivate and grow 12 marijuana plants for each of their registered patients, up to five patients, plus 12 plants each for their own medical usage. It is the position of the Defendants, that the proofs at trial herein, if allowed, would conclusively establish that they were well within the legal limitations of the MMMA when the seizure and arrests occurred.

There is no dispute that Marcinkewciz and Waldron initially faced State of Michigan charges, brought by the Mecosta County Prosecutor's Office. The Prosecutor for Mecosta County dropped all charges and the federal court Indictment followed. Defendants concede that previous federal cases, including in the United States Supreme Court, have upheld the authority of the federal government to prosecute under the federal Controlled Substances Act (CSA) for

1

marijuana crimes, even in cases where the Defendants asserted the protection of state laws regarding the growing, limited distribution and sharing of marijuana for medicinal purposes. However, Defendants respectfully submit, that the trend in this country is for more and more states to enact medical marijuana laws and that notwithstanding the prior federal court rulings, eventually, individual states will have the power to regulate the use of marijuana, just as they currently regulate the use and distribution of alcohol.

In the meantime, your Defendants herein face the prospect of federal criminal convictions and long prison terms, for conduct that the proofs would show, was within the lawful, permissible activities of their state law governing medical marijuana, the MMMA.

This has created a collision course between the state and federal laws, the result of which is the destruction of the constitutional rights of the accused Defendants herein and the rights and ability of the Defendants to present a thorough, fair and competent defense at trial, so as to totally eradicate their fundamental right to due process of law.

There can only be two possible remedies to this unfortunate situation, where governmental entities send diametrically opposed signals to their citizens; First, that after an evidentiary hearing in which Defendants will prove their conduct in this case was 100% in compliance with the MMMA, the Court should rule that due process of law requires dismissal of the Indictment. In the alternative, if the Court allows the federal prosecution to proceed, Defendants must be allowed to assert compliance with the MMMA as an affirmative defense at trial, as to the crucial mens rea aspect of the offenses charged, to demonstrate to the jury that their conduct lacked the requisite elements of intentionally and knowingly breaking the federal law. (CSA)

Failure to afford the Defendants either of the proposed remedies, renders every medical marijuana statute in the country as useless, as they will have been judicially "repealed" by

federal court rulings. This result is so egregious and in contradiction with basic principles of due process of law for the criminally accused, that it should not obtain without specific action by Congress, codifying the concept of federal preemption of all state laws relating to marijuana, whether related to medical marijuana or not. The CSA contains no such specific language and thus, the issue as to whether this prosecution violates Defendants' basic due process rights is ripe for decision by this Honorable Court.

## *Argument*

Defendants' concede that in 2005 the United States Supreme Court ruled that the Commerce Clause gave Congress the power to regulate state sanctioned medical marijuana activity, even when occurring totally on an intrastate basis. *Gonzales v, Raich, 125 S. Ct. 2195, 2201 (2005).* This case involved a defendant, who like Marcinkewciz and Waldron herein, attempted to assert compliance with the California medical marijuana law as a defense, as well as challenging Congress's authority to regulate such conduct pursuant to Commerce Clause principles. In the case at bar, Defendants' argument hinges upon a legal argument not directly addressed in *Raich*, apart from the Commerce Clause issue, namely that at the very least, due process requires the Defendants be afforded an evidentiary hearing on the issue of whether their charged conduct was lawful as to the MMMA. Once this hearing is concluded, this Honorable Court can rule on Defendants' plea for dismissal of the Indictment, or alternatively, their prayer for the right to assert compliance with the provisions of the MMMA, as an affirmative defense to the mens rea element of the charges.

The recently argued case involving Arizona's state enacted immigration law, *State of Arizona v. United States of America* 2012 WL 416748 (2012), discussed a principle which has application by analogy to the case at bar. In the immigration case, the state of Arizona law made it illegal for

3

unlawfully present and or unauthorized aliens "to knowingly apply for work, solicit work in a

public place or perform work" in Arizona. Ariz. Rev. Stat. Section 13-2928 (C). The federal law

made it unlawful for employers to hire unauthorized aliens, but conspicuously did not impose

federal penalties, or preempt any state penalties, on the aliens who work without authorization.

In hearing this case on its journey to the United States Supreme Court, the Ninth Circuit

"assumed that Congress' inaction in not criminalizing work, joined with its action of making it

illegal to hire unauthorized workers, justifies a preemptive inference that Congress intended to

prohibit states from criminalizing work." *Arizona,* supra at App. 39a.

However, the U. S. Supreme Court has rejected as "quite wrong" the view that a federal

"decision not to adopt a regulation is the functional equivalent of a regulation prohibiting all

states and their political subdivisions from adopting such a regulation." *Sprietsma v. Mercury

Marine,* 537 U. S. 51, 65 (2002). The abiding principle embodied in this ruling is where the

Constitution does not of itself prohibit state action, and Congress while regulating related matters

has purposely left untouched a distinctive part of the subject which is peculiarly adapted to local

regulation, the state may legislate concerning such local matters, which Congress could have

covered, but did not.  In the case at bar, Congress in enacting the CSA, and amending same over

the years, left untouched the issue of the legal usage of medical marijuana, because same is

clearly suitable to local regulation. However, Congress' silence cannot be interpreted to prohibit

such state action, such as the MMMA involved in the instant case. There not being any

Constitutional bar to medical marijuana statutes, due deference must be afforded the preservation

of states' rights to enact laws such as the MMMA, by the federal courts and law enforcement

personnel. If Congress believed that the issue of medical marijuana was within the federal

preemption doctrine, the CSA act would have been amended to codify same, in whatever manner

4

Congress chose. Absent such preemptive action to date, statutes such as Michigan's MMMA must be free from preemptive steamrolling such as has been exhibited in this case.

This analogous argument leads to only one logical conclusion, when held up against the rights of an accused citizen in the position of Marcinkewciz and Waldron herein; if said accused can establish at an evidentiary hearing that the conduct charged in the federal prosecution, is in fact lawful conduct within the MMMA, this finding must have some teeth for due process requirements to be satisfied. The Government's position in this situation can be summed up by saying, "the state law regarding medical marijuana should be ignored by this Court and it should not be allowed to be utilized by the Defendants for their defense in any way, shape or form. This not only results in barring the Defendants from presenting a competent defense, particularly to the mens rea elements of the offenses charged, it quite succinctly results in legislating from the courts, by finding that Congress' silence in the CSA regarding medical marijuana *must mean that Congress intended to prohibit such usage by said silence.* (emphasis added.)

In fact, fairness, logic and indeed justice, require that the opposite conclusion be found, that Congress, by not amending the CSA to *prohibit* the regulated use of marijuana for medical purposes, in fact is declaring loud and clear that the states retain the power to act in this area. This principle dictates that federally accused defendants, such as Waldron and Marcinkewciz, be permitted to utilize the MMMA as a due process shield to this heavy handed federal prosecution. Defendants are quick to delineate between individuals such a Marcinkewciz and Waldron who were in compliance with the MMMA, from those marijuana growers and purveyors who operate outside of the MMMA for personal profit and gain. Once again, it is submitted that an evidentiary hearing should be held at the minimum, for due process to be satisfied, for a determination to be made on this issue.

5

The Law is a force, in its ideal expression and application, for good in our society, as it is a tool to discourage bad behavior. However, so should the force of the Law be utilized to allow and encourage behavior which advances the public good. The Michigan Legislature in its wisdom, enacted the MMMA to advance the public good and welfare, in an area of the law where no federal preemption has been recognized, the use of marijuana for medical purposes. This state law has no legitimate effect, if this prosecution is allowed to continue with the complete ignoring of the MMMA, as if it never existed at all.

### *Summary*

The primary argument put forth herein, is that Marcinkewciz and Waldron have but one weapon, one due process required sword with which they can put forth the argument that they had no criminal intent when they engaged in the conduct charged herein. That weapon is their reliance upon, and compliance with the Michigan Medical Marihuana Act. This Court has the authority to make all rulings regarding what evidence may be presented at trial of this case. If the Court does not allow Defendants to assert the MMMA, their ability to put forth a defense in this case will be eliminated, resulting in an absolute deprivation of their constitutional rights. For these reasons, the Court should grant Defendants' Motion and dispense the relief sought above herein.

Respectfully submitted,

s/Leon J. Weiss

Counsel for John Marcinkewciz, II.

s/Jason P. Ronning

Counsel for Shelley R. Waldron

6