UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JOHN CLEMENS MARCINKEWCIZ II,
SHELLEY RENEE WALDRON, and
JAYCOB PETER MONTAGUE,

       Defendants.
_____/

File No. 1:11-CR-340

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the government's motions in limine (Dkt. No. 45) and on Defendant John Marcinkewciz II's[1] motion to dismiss the indictment, or, alternatively, to allow assertion of the Michigan Medical Marihuana Act ("MMMA"), Mich. Comp. Laws § 333.26421 *et seq.*, as an affirmative defense (Dkt. No. 46).

On March 23, 2012, the government moved to preclude testimony, evidence, questioning, and argument by counsel regarding: (1) any defense of medical necessity; (2) any affirmative defense of erroneous belief conduct was lawful; (3) any affirmative defense of entrapment by estoppel or public authority; (4) any defense of mistake of law, mistake of

---

[1] Although the motion also purports to be filed on behalf of Shelley R. Waldron, Waldron's counsel advised the Court at the final pretrial conference that Waldron did not join in the motion.

fact, advice of counsel, good faith, or compliance with state law; and (5) jury nullification. None of the defendants responded to the motion until May 22, 2012, the date of the final pretrial conference, almost two months after the motion was filed, when Defendant Marcinkewciz filed his motion.

Defendant Marcinkewciz contends that at the time charges were filed against him in state court, he was a lawfully registered patient and caregiver under the MMMA and was in strict compliance with all of the provisions of the Act. Defendant contends that the federal prosecution of conduct that is legal under the state act is an impermissible overreaching of Congress's power to regulate interstate commerce, and is a flagrant violation of Defendant's due process rights under the Fifth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution.

Defendant's motion for dismissal of the indictment lacks merit. Even if Defendant was in compliance with the MMMA, state medical-marijuana laws do not supercede federal laws that criminalize the possession or manufacture of marijuana. *See Gonzales v. Raich*, 545 U.S. 1, 29 (2005) ("The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail."); *United States v. $186,416.00 in U.S. Currency*, 590 F.3d 942, 945 (9th Cir. 2010) ("The federal government has not recognized a legitimate medical use for marijuana, however, and there is no exception for medical marijuana distribution or possession under the federal Controlled Substances Act[.]"); *United States v. Hicks*, 722 F. Supp. 2d 829, 833 (E.D. Mich. 2010) ("It

is indisputable that state medical-marijuana laws do not, and cannot, supercede federal laws that criminalize the possession of marijuana."). Michigan Courts have also expressly recognized that the MMMA offers no protection from a federal prosecution. *See People v. Redden*, 799 N.W.2d 184, 198-99 (Mich. Ct. App. 2010) ("It is without question that this act [the MMMA] has no effect on federal prohibitions of the possession or consumption of marijuana."). Accordingly, Defendant's motion to dismiss the indictment will be denied.

Defendant Marcinkewciz contends, in the alternative, that he must be able to assert his lawful adherence to the provisions of the MMMA as an affirmative defense because Count I, which alleges a conspiracy, contains a mens rea element.

This argument also lacks merit. Count I of the indictment charges that Defendant conspired to manufacture 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1). (Dkt. No. 1, Indictment.) The offense of manufacture of marijuana in violation § 841(a)(1) is a general intent crime. *United States v. Manns*, 277 F. App'x 551, 556-57, 2008 WL 1976611, at *4 (6th Cir. 2008) (citing *United States v. Miller*, 870 F.2d 1067, 1071–72 (6th Cir. 1989)); *United States v. Smith*, 7 F. App'x 772, at *2 (9th Cir. 2001). For a general intent crime, "the defendant must know that he is in fact performing an act, whether or not he knows that the act has been criminalized by statute." *United States v. Lynch*, 233 F.3d 1139, 1141 (9th Cir. 2000) (citing *Staples v. United States*, 511 U.S. 600 (1994), *Morissette v. United States*, 342 U.S. 246 (1952)).

The fact that Defendant is charged with a conspiracy to manufacture marijuana conspiracy does not change the mens rea requirement. To prove that a defendant is guilty of participating in a drug conspiracy, the government must establish: "(1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy." *United States v. Welch*, 97 F.3d 142, 148-49 (6th Cir. 1996) (citing *United States v. Sanchez*, 928 F.2d 1450, 1457 (6th Cir. 1991)). A conspiracy to manufacture marijuana does not require knowledge that the drug laws were being violated. *See United States v. Halbert*, Nos. 11–30052, 11–30053, 2012 WL 892477, at *1-2 (9th Cir. Mar. 16, 2012) ("[N]either the manufacturing nor the conspiracy charge required the government to show that [the defendant] intentionally violated the law, and therefore a good faith defense would be irrelevant."). Because conspiracy to manufacture marijuana is not a specific intent crime, Defendant's lawful adherence or good faith belief in his lawful adherence to the provisions of the MMMA is not an affirmative defense to the charge. Accordingly, Defendant's request to assert the MMMA as an affirmative defense will be denied.

Upon review, the Court is satisfied, the reasons stated in the government's motions, that the government's motions in limine are well-grounded and should be granted. Accordingly,

**IT IS HEREBY ORDERED** that the government's motions in limine to preclude certain testimony, evidence, questioning, and argument by counsel (Dkt. No. 45) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant John Clemens Marcinkewciz II's motion to dismiss indictment, or alternatively, motion to allow assertion at trial of the Michigan Medical MarihuanaAct as an affirmative defense (Dkt. No. 46) is **DENIED**.


Dated: May 24, 2012                                        /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE